■ In the Matter of the Claim of PAUL RIVERS, Respondent, v ADIRONDACK MOBILE HOME SERVICE CENTER, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed June 16, 1977, which affirmed the referee's decision finding that the claimant had sustained a compensable injury. Claimant, employed as a laborer by appellant employer, testified that he injured his back on May 3, 1976 while lifting a small addition to a mobile home. He did not feel any pain until later that same day when he was driving home from work. He said nothing to his employer on the day of the alleged accident. He worked the following day and on May 5, 1976 informed his boss about the accident. A hearing held before the referee on July 30, 1976 was adjourned so that the carrier could produce two witnesses. At the next hearing held on September 28, 1976, the carrier neither produced its witnesses nor requested a further opportunity to produce them. It chose, instead, to "rest on the record". Before the Workers' Compensation Board, appellants requested that the case be restored to the referee's calendar so that the testimony of the employer, a coworker and further medical proof could be taken with respect to the events which occurred on May 3, 1976. A majority of the board found that: "based on the claimant's testimony, that on May 3, 1976, the claimant, while lifting an addition to a building, did

sustain an accident to his back resulting in a causally related disability and that notice was given timely within the meaning of the Workers' Compensation Law." It is clear that, based upon the claimant's testimony and doctors' reports, there was substantial evidence before the board to fully sustain its determination. Further, the board properly exercised its discretion in refusing to restore the case to the referee's calendar and in deciding the claim on the evidence before it (see Matter of Cappellano v Harry M. Stevens, Inc., 35 AD2d 861). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.